**Hubert E. SEYMOUR, Jr., Receiver, Appellant,**

v.

**UNITED STATES of America, Cross-Claimant, Appellee.**

No. 8719.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 24, 1962.

Decided Oct. 29, 1962.

Hubert E. Seymour, Jr., Greensboro, N. C., pro se.

Earl J. Silbert, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attorneys, Department of Justice, and William H. Murdock, U. S. Atty., on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and JOHN PAUL, District Judge.

PER CURIAM.

Hubert E. Seymour, Jr., the appellant, acted as receiver in the Superior Court of Guilford County, North Carolina, and also as receiver in the United States District Court of the Middle District of North Carolina, in proceedings to seize and sell numerous pieces of personal and real property in the state and other states belonging to one F. D. Smith against whom an assessment for delinquent taxes in the sum of $600,000 had been made by the North Carolina De-

partment of Revenue and in a like sum by the United States Internal Revenue Service. The activities of the receiver, who was a lawyer and of two attorneys appointed to conduct the necessary legal proceedings involved, covered a period of eight years and resulted in cash receipts aggregating approximately $305,000 and a final balance of $215,000 for distribution to the two governments in accordance with an agreement between them.

The District Judge summed up the activities of the receiver in the following passage from his opinion:

"During approximately eight years of state and federal court receiverships, Receiver has traveled approximately 16,920 miles to five counties in the State of North Carolina and to points in the States of South Carolina, Florida, New Jersey, Maryland, and the District of Columbia, in continuous management, maintenance, protection, rental and sale of the twenty pieces of real property and miscellaneous pieces of personal property of the receivership and for the purpose of investigation, negotiation and payment of claims against the receivership property, participation in the study, preparation for and conduct of various hearings and conferences concerning the receivership property and concerning other possible properties and rights of the Receiver. In these services the Receiver has business time equivalent to a total of approximately 400 business days, most of which was out of town and out of the office away from his regular business and 46 nights away from home."

The attorneys who rendered service of great value in the course of the proceedings were allowed $10,000 by the State Court and $50,000 by the court below, and the receiver was allowed $2,269.25 by the State Court and the additional sum of $16,000 by the court below. The review of the facts with regard to the services rendered in numerous proceed-

ings extending over a long period of time leads us to the conclusion that an increase of $4,000 in the compensation of the receiver may be reasonably allowed, and, accordingly, the order of the District Court will be modified to this extent, and otherwise affirmed.

Modified in part and affirmed.